RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 3/23/12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| TIMELEHIN WIWO,<br>Petitioner | CIVIL ACTION<br>SECTION "P"<br>1:12-cv-00090 |
| VERSUS | |
| WARDEN MARINA MEDINA,<br>Respondent | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a motion for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Timelehin Wiwo ("Wiwo") on January 13, 2012. Wiwo is contesting his 235 month sentence that was imposed in 2000 for a conviction by a jury in the U.S. District Court for the Southern District of Florida on one count of being a felon in possession of a firearm. U.S. v. Wiwo, 252 F.3d 1361 (11th Cir. 2001), cert. den., 534 U.S. 877, 122 S.Ct. 176 (2001). The sole ground for relief raised by Wiwo in his habeas petition is whether the sentence enhancement pursuant to 18 U.S.C. § 924(e), for being an armed career criminal, was correctly applied in his case. Wiwo contends the recent rulings by the U.S. Supreme Court in McNeill v. U.S., S.Ct. (U.S. 2011), Caruchuri-Rosendo v. Holder, 130 S.Ct. 2577 (2010), and Rodriquez v. U.S., 553 U.S. 377, 128 S.Ct. 1783 (2008), support his argument that his prior Florida state drug convictions do not meet the definition of "serious drug offense" to trigger the penalty enhancement under 18

U.S.C. § 924(e).

Wiwo previously filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 for his 2000 conviction which was denied by the Florida district court. Wiwo v. U.S., 1:03-20880-SH (S.D.Fla. 2003). Wiwo filed the current Section 2241 petition on January 13, 2012.[1]

Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence. Relief under Section 2255 is warranted for errors that occurred at trial or sentencing. Jurisdiction over a Section 2255 motion lies in the sentencing court. Lee v. Wetzel, 244 F.3d 370, 373 (5th Cir. 2001). In this case, that would be the Florida district court.

Section 2241 is correctly used to attack the manner in which a sentence is executed. Jurisdiction over a Section 2241 petition lies in the district where the petitioner is incarcerated. Lee, 244 F.3d at 372. A petition filed under Section 2241 which attacks error that occurred at trial or sentencing is properly construed as a Section 2255 motion. Jeffers v. Chandler, 253 F.3d 827, 829 (5th

---

[1] Wiwo was also convicted in 2007 on a separate charge of being a felon in possession of a firearm and sentenced as a career criminal to 84 months imprisonment. Wiwo successfully challenged that sentence in a Section 2255 motion pursuant to the same arguments he makes herein. Wiwo v. U.S., 2011 WL 2601259 (S.D.Fla. 2011). In that case, the Florida district court found that Wiwo's prior convictions for carrying a concealed firearm should not have been considered for sentence enhancement purposes because, under new, retroactively applicable Supreme Court case law, the crime of carrying a concealed weapon is no longer considered a crime of violence.

Cir. 2001), cert. den., 534 U.S. 1001, 122 S.Ct. 476 (2001).

Nevertheless, a Section 2241 petition which attacks custody resulting from a federally imposed sentence may be entertained when the petitioner can satisfy the requirements of the so-called "savings clause" in Section 2255, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

Jeffers, 253 F.3d at 829. Also, Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000).

A Section 2241 petition is not a substitute for a motion pursuant to Section 2255, and the burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under Section 2255 rests squarely on the petitioner. A prior unsuccessful § 2255 motion, or the inability to meet AEDPA's "second or successive" requirement, or other gate-keeping requirements, does not make § 2255 inadequate or ineffective. See Jeffers, 253 F.3d at 829; Tolliver v. Dobre, 211 F.3d 876, 878 (5th Cir. 2000).

The factors that must be satisfied for a petitioner to file a Section 2241 petition pursuant to Section 2255's savings clause are: (1) the petitioner's claim must be based on a retroactively applicable Supreme Court decision which establishes that the

3

petitioner may have been convicted of a nonexistent offense; and (2) the claim must have been foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first Section 2255 motion. Jeffers, 253 F.3d at 829-830, citing Reyes-Requena v. United States, 243 F.3d 893 (5th Cir. 2001). The first factor requires that a retroactively applicable Supreme Court decision establish that the petitioner is "actually innocent," or convicted for conduct that did not constitute a crime. The core idea is that the petitioner may have been imprisoned for conduct that was not prohibited by law. Jeffers, 253 F.3d at 830, citing Reyes-Requena, 243 F.3d at 903-904.

In the case at bar, Wiwo argues that two of the four prior Florida state convictions the federal court used to find he was an armed career criminal carried maximum possible penalties of five years, and therefore did not qualify as "serious drug offenses" under the Armed Career Criminal Act, 18 U.S.C. 924(e). Wiwo relies on the Supreme Court cases of McNeill v. U.S., 131 S.Ct. 2216 (U.S. 2011), Caruchuri-Rosendo v. Holder, 130 S.Ct. 2577 (U.S. 2010), and Rodriguez v. U.S., 553 U.S. 377, 128 S.Ct. 1783 (2008).

The Fifth Circuit has consistently disallowed claims of actual innocence of being a career offender under the savings clause. Bradford v. Tamez, 660 F.3d 226, 230 (5th Cir. 2011); Kinder v. Purdy, 222 F.3d 209, 213-14 (5th Cir. 2000). A claim of actual innocence of a career offender enhancement is not a claim of actual

innocence of the crime of conviction and, thus, not the type of claim that warrants review under Section 2241. <u>Bradford</u>, 660 F.3d at 230. Therefore, Wiwo's claim does not meet the stringent requirements of the savings clause.

Since Wiwo has not met the savings clause requirements, his claims are not properly brought under Section 2241, and this court lacks jurisdiction to consider his claims under Section 2255. Therefore, Wiwo's habeas petition attacking his federal sentence should be denied.

<u>Conclusion</u>

Based on the foregoing discussion, IT IS RECOMMENDED that Wiwo's Section 2241 petition attacking his federal sentence be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT**

**WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 23rd day of March 2012.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE